IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

**August 19, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

KENNETH RAY MAYFIELD, SR.   )     BRADLEY CIRCUIT
                               )

      Plaintiff/Appellee     )     NO.  03A01-9803-CV-00112
                               )

v.                           )     HON.  JOHN B. HAGLER, JR.
                               )     JUDGE

NANCY PRECELLA MAYFIELD,   )
                               )

      Defendant/Appellant    )

## ORDER ON PETITION TO REHEAR OR RECONSIDER

Appellant seeks rehearing or reconsideration of the memorandum opinion filed by this Court on July 30, 1998, and for cause avers that "no marital dissolution agreement was ever signed or entered by the parties.  The parties simply appeared before the court and announced an agreement to the court." Further, that "wife, nor her counsel, had no time to retract the agreement at that time, as it was not learned by counsel, until the next day, that the verbal agreement which Wife stated before the court had actually been coerced by Husband under duress."

The record contains no transcript of the proceedings before the trial judge. Counsel for appellant provided in his appellate brief the following version of the events at trial which, for the purpose of considering this petition, we shall adopt as true:

> "Both parties and their counsel appeared before the Court on the morning of September 5, 1997.  Counsel for Wife explained to the Court they had agreed to a divorce based on stipulated grounds. The parties had very few items of personal property and no real property. Basically, the agreement granted Wife a divorce on the grounds of inappropriate martial [sic] conduct.  It further provided Husband would pay the parties' debts, would provide Wife with a vehicle,

would reimburse a portion of Wife's attorneys fees and would pay rehabilitative alimony for a period of two years. The agreement also provided for reasonable step-parent visitation. Counsel for Wife announced to the Court that it had been Wife's intention to non-suit her counter-complaint and proceed to defending herself against the divorce, on the basis he had no grounds for divorce. The Court placed both parties under oath and they agreed this was their agreement."

Upon reconsideration, we find that Appellant was at all times represented by able counsel, and that although she may have chosen not to fully apprise him of the facts, she had ample opportunity to notify him or the trial judge of any unusual circumstances surrounding the parties' agreement.[1] This she failed to do, or she has simply changed her mind. The Petition for Rehearing is accordingly denied with costs assessed to the petitioner.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Herschel P. Franks, Judge


_____
Don T. McMurray, Judge

---

[1] Indeed the terms of the agreement as described by the appellant indicate that she successfully negotiated in her own behalf.